IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER DON BLOUNT                                                           PLAINTIFF

v.                                            CASE No. 06-5207

S. VINETTA, DEPUTY FOSTER, and
CAPT. HUNTER PETRAY                                                              DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher Don Blount ("Plaintiff"), currently an inmate in the Grimes Unit of the Arkansas Department of Corrections, filed this Civil Rights Action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The Complaint was provisionally filed prior to a determination regarding service of process.

**1. BACKGROUND**

Plaintiff brings this action under Section 1983. Plaintiff claims he was denied religious freedom, subjected to excessive force and verbal threats, and was denied medical care while housed at the Benton County Jail. Defendants filed a Motion for Summary Judgment on August 1, 2007. Defendants sought an extension of time for filing their summary judgment motion (Doc. 23). The Motion for Extension of Time is **GRANTED** and the Motion for Summary Judgment (Doc. 24) is **accepted as filed**. Plaintiff responded to the Motion for Summary Judgment on November 21, 2007.

**2. DISCUSSION**

A. Plaintiffs claims of denial of religious freedom.

Plaintiff appears to bring two claims of denial of religious freedom: (1) his Book of Mormon was taken from him in the morning of September 22, 2006 and returned to him the afternoon of that

day; (2) no Spanish Book of Mormon was provided to the inmates of the Benton County Jail, despite Plaintiff's repeated requests.

Regarding Plaintiff's claim his Book of Mormon was taken from him on September 22, 2006, and returned that afternoon, summary judgment is due to be granted on Plaintiff's claims. In *Weir v. Nix*, 114 F.3d 817, 820 8th Cir.1997, the Eighth Circuit Court of Appeals established that a person claiming that governmental action violates his right to practice his religion, must show that action at issue substantially burdens his sincerely held religious belief. In order to be considered a "substantial burden, the governmental action must 'significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion.'" *Id.* (quoting *Werner v. McCotter*, 49 F.3d 1476, 1480 (10th Cir.), *cert. denied, Thomas v. McCotter,* 515 U.S. 1166 (1995)).

When asked how not having his Book of Mormon denied Plaintiff his religious freedom or kept him from engaging in worship of following the dictates of his religion, Plaintiff replied that the loss of his book was a denial of his constitutional rights and he was kept from "following my religious beliefs due to the fact my companion tot he Bible was taken from me." (Doc. 6 ,¶11). Clearly, Plaintiff has demonstrated no sincerely held religious belief that was burdened, nor has Plaintiff demonstrated how he was kept from engaging in worship due to the temporary removal of his Book of Mormon.[1]

---

[1] Plaintiff also complains that all of his grievances were not answered or returned to him. It is not clear if Plaintiff seeks to make a separate claim of a constitutional violation due to the failure of Benton County to address all of his grievances. However, the Court notes Defendants'

Furthermore, it is undisputed that Plaintiff's Book of Mormon was taken from him due to what appears to be a punitive response to Plaintiff's engagement in a fight with a fellow prisoner. An inmate's exercise of freedom of religion may be restricted by the reasonable requirements of prison security. *Otey v. Best*, 680 F.2d 1231, 1234 (8th Cir.1982). Once the prison officials have produced evidence that the restriction placed on an inmate's religious freedom was in response to a security concern, the burden is on the inmate to show by substantial evidence that the prison officials' response was exaggerated. *Id.* at 1233. Prison officials are given a wide range of discretion in dealing with security matters in the prisons. *Rogers v. Scurr,* 676 F.2d 1211, 1216 (8th Cir.1982). Here, removal of Plaintiff's personal items, including his Book of Mormon appears to be a reasonable response to Plaintiff's involvement in a confrontation with another inmate.

As to Plaintiff's claim regarding the lack of a Book of Mormon in Spanish – it is clear from Plaintiff's response to the Addendum (Doc. 6, ¶ 6) that he is bringing this claim solely on the behalf of other prisoners and has suffered no harm himself. A prisoner cannot bring claims on behalf of other prisoners. *See Miner v. Brackney,* 719 F.2d 954, 956 (8th Cir.1983) (per curiam), *cert. denied,* 467 U.S. 1259 (1984); *Carter v. Romines,* 560 F.2d 395, 395 (8th Cir.1977) (per curiam), *cert. denied,* 436 U.S. 948 (1978). A prisoner must allege a personal loss. *See also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). Therefore, I recommend that Defendant's Motion for Summary Judgment be granted as to Plaintiff's claims regarding denial of religious freedom.

---

failure to process any of Plaintiff's grievances, without more, is not actionable under section 1983. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure) (citing with approval *Azeez v. DeRobertis,* 568 F.Supp. 8 (N.D. Ill.1982)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Azeez,* 568 F.Supp. at 10.

### B. Plaintiff's claims of Excessive Force

Plaintiff contends excessive force was used against him in two incidents. The first incident involved Deputy Foster, who Plaintiff claims "physically abused" him and threw a book at him. The second incident involves Deputy Vinetta, who Plaintiff claims kneed him in the groin.

As to Plaintiff's claims against Deputy Foster, there is no evidence of Plaintiff filing a grievance regarding this incident; Plaintiff also stated in his response to the Motion for Summary Judgment (Doc. 28, ¶ 5(a)) that his injuries only included those from Deputy Vinetta's alleged assault. However, in his addendum, Plaintiff indicated Deputy Foster had injured Plaintiff's shoulder, but also stated the injury was due to Plaintiff missing his medication for bursitis. (Doc. 6, ¶ 5). On September 24, 2006, Plaintiff did file a grievance, stating he had seen the nurse for shoulder pain and was put on medication which he was not receiving. (Doc. 26, Ex. 3, 5) ) A grievance submitted on October 3, 2006 only states Plaintiff was "harassed, threatened & verbally assaulted" by Deputies Foster and Vinetta. (Doc. 26, Ex. 5). Thus it appears Plaintiff has failed to pursue his administrative remedies regarding his excessive force claims against Deputy Foster and it is recommended that Defendants' Motion for summary Judgment be granted on those claims. *See, Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 918-19, 923 (2007) (unexhausted claims cannot be brought in court or considered).

Plaintiff also appears to have failed to exhaust his claims against Deputy Vinetta. As noted above, in an October 3, 2006 grievance Plaintiff states he was harassed and verbally assaulted, but makes no note of any physical attack or injuries. (Doc. 26, Ex. 5). The only indication of an alteration is in doctor's notes in Plaintiff's jail medical file, dated September 27, 2006, where Plaintiff reported an unnamed guard "threw him against the wall." (See Doc. 26, Ex. 3). Also

included in the Medical file is a request to be seen for neck pain from the "deputy's assault" where he was "hit in the head" and thrown "face first and body into a cell door." (Doc. 26, Ex. 3) Even if this medical request could be considered a grievance, it is not for the altercation Plaintiff complains of here – a groin injury by Deputy Vinetta. Accordingly, I recommend Defendant's Motion for Summary Judgment be granted as to Plaintiff's claims of excessive force by Deputy Vinetta.

    C.  Plaintiffs claims of verbal abuse and harassment.

Plaintiff also states he was verbally harassed by deputies Foster and Vinetta. Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir.1992). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991) (police's threats to children that they would not see their step-father again did not constitute violation of children's right to familial relations); *see Emmons v. McLaughlin,* 874 F.2d 351, 353-54 (6th Cir.1989); *Lamar v. Steele,* 698 F.2d 1286, 1286 (5th Cir.1983) (per curiam). Accordingly, I recommend Defendants' Motion for Summary Judgment be granted on Plaintiff's claims of verbal abuse and harassment.

    D.  Plaintiff's claims of denial of medication

Plaintiff claims he was repeatedly denied his medication for Bursitis while at the Benton County Detention Center. However, the only injuries Plaintiff claims are "pain and suffering" and that he was "scared to push my button" to ask for medication. (Doc. 28, ¶ 7). The record shows Plaintiff did submit grievances regarding his denial of medication (Doc. 26, Ex. 2, 3, 5). However,

the record also shows that when alerted that Plaintiff was not receiving his medication, the situation was quickly remedied. (Doc. 26, Ex. 2).

Section 803(d) of the Prison Litigation Reform Act of 1996 ("PLRA") provides the following:

> No Federal cause of action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

This section was "intended to limit access to the federal courts for certain prisoner claims, namely those for emotional distress unaccompanied by physical harm." *Shaheed-Mugammad v. Dipaolo*, 138 F. Supp. 2d 99 (D. Mass. 2001). As Plaintiff has only alleged an emotional injury from any denial of his medication, I recommend Defendants' Motion for Summary Judgment be granted on those claims.

E.  Plaintiff's Official Capacity Claims.

Plaintiff states he is only suing Deputies Vinetta in Foster in their individual capacities, and is suing "all defendants in their Official Capacity." (Doc. 6). Thus, Defendant Petray is sued in his official capacity only.

Plaintiff's official capacity claims are tantamount to suing Benton County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's

unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. In his response to the Motion for Summary Judgment (Doc. 28, ¶1), Plaintiff states the "custom abused was their own religious policy." The Benton County Inmate Rights states "each inmate is to be provided freedom of religion, including the exercise of religious beliefs, so long as that religious expression does not create a potential order or security problem." (Doc. , ¶ 2). A violation of prison policy alone does not give rise to section 1983 liability, *see Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997) (no § 1983 liability for violating prison policy). Plaintiff has failed to demonstrate how the county policy is unconstitutional. Accordingly, I recommend Defendants' Motion for Summary Judgment be granted on these claims.

### 3. CONCLUSION

As stated above, the Motion for Extension of Time is **GRANTED** and the Motion for Summary Judgment (Doc. 24) is **accepted as filed**. For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (Doc. 24) be granted in its entirety.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

**DATED this 17th day of January 2008.**

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE