```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**CHRISTOPHER DON BLOUNT**                                       **PLAINTIFF**

      **v.**                    **Civil No. 06-5207**

**S. VINETTA, DEPUTY FOSTER, and**
**CAPT. HUNTER PETRAY**                                          **DEFENDANTS**

## O R D E R

Now on this 10th day of March, 2008, come on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #29), and plaintiff's **Objections** thereto (document #30), and from said documents, and the supporting documentation, the Court finds and orders as follows:

1.  Plaintiff complains that while incarcerated in the Benton County Detention Center ("BCDC"), his religious freedom was unconstitutionally curtailed; he was subjected to excessive force by Deputies Vinetta and Foster; and he did not receive his prescribed medications.

Defendants moved for summary judgment on all claims. Plaintiff's response to this motion was developed by a questionnaire prepared by the Magistrate Judge and his staff to assist plaintiff in focusing his claims and stating the evidence he had in support thereof. Upon receipt of that questionnaire, the Magistrate Judge issued his Report And Recommendation.

2.  The Magistrate Judge reported that there was no substantial burden on plaintiff's religious beliefs when his Book

of Mormon was taken away from him for several hours, and that he has no standing to assert religious claims on behalf of other prisoners.

The Magistrate Judge further reported that plaintiff had not filed grievances clearly stating his claims for use of excessive force, as required by the Prison Litigation Reform Act, and that verbal abuse is not actionable under **42 U.S.C. §1983**.

The Magistrate Judge reported that plaintiff's grievances with regard to not getting his medication were promptly remedied.

Finally, the Magistrate Judge reported that there was no basis to impose vicarious liability because plaintiff's only claim in that regard was that the jail violated its own policy, which is insufficient to establish a **§1983** violation.

For these reasons, the Magistrate Judge recommended that defendants' Motion For Summary Judgment be granted.

3.  Plaintiff objects to the ruling with regard to his religious freedom claim, stating that his case involves not one incident, but many, and asking "[c]an take [sic] my Book of Mormon as a punitive response[?]"

A review of the documents in the file does not support his assertion that there was more than one incident when his religious books were taken from him, and he has no standing to assert the rights of other inmates, which he did assert repeatedly by way of grievances.

With regard to the question posed, i.e., whether the jail could take away his religious book to punish him, the Court does not condone the removal of a religious book as a means of punishment, and has some doubt as to whether that would be a legitimate means of punishment, as opposed to the furtherance of a legitimate penal security interest. However, the allegation is that the book was withheld for only a few hours. To be actionable, a burden upon the exercise of religion must be substantial. **Weir v. Nix, 114 F.3d 817 (8th Cir. 1997).** Withholding a religious book for only a few hours does not constitute a substantial burden on religious freedom, and will not, therefore, sustain a claim under **42 U.S.C. §1983.** This objection will, therefore, be overruled.

4. Plaintiff also objects to the report that he has failed to exhaust his administrative remedies with regard to claims of excessive force, stating "[i]t is hard to prove my grievances weren't answered when in fact they were never returned. . . . Claims were exhausted to the fullest extent possible." Considering the dozens of grievances included among the various documents exhibited to motions in this case, the Court is not persuaded that plaintiff lodged grievances that have "disappeared" into the system.

There are several allegations of hitting or kicking by employees of the Benton County Detention Center contained in the

various grievances and medical requests that were filled out by plaintiff, but they do not involve defendants in this case. They involve plaintiff allegedly being struck or kicked by individuals identified as "Sgt. Shepp," "Sgt. Echols," and "Pvt Carlton." These individuals are not defendants.

Nor does the file reflect any significant injury, even in connection with the foregoing allegations. The file reflects that plaintiff made a medical complaint on September 26, 2006, which starts out "[a]fter the deputy's [sic] assaulted me, by hitting me in the head and throwing" and then becomes illegible. He was seen by the doctor on September 27, 2006, and found to have "[s]ome mild tendonitis of his neck," for which Ibuprofen was prescribed, in the same amount as he was already receiving for bursitis of his shoulder unrelated to the "assault" complaint.

Because there is neither evidence to support plaintiff's excessive force allegations, nor convincing explanation for the lack thereof, plaintiff's objections to dismissal of this claim will be overruled.

5.   Finally, plaintiff objects that "[d]enial of medication was not quickly remedied, nor was it corrected." The documents of record do not bear this out, and this objection will also be overruled.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*, and plaintiff's

-4-

**Objections** thereto are **overruled.**

   **IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, defendants' **Motion For Summary Judgment** (document #24) is **granted**, and plaintiff's claims are **dismissed with prejudice.**

   **IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**